Caiiutheus, J.,
delivered the opinion of the Court.
This was an indictment for murder, tried in Putnam county, after a change of venue from the county of Fentress. The verdict was, guilty of manslaughter, and six years imprisonment in the Penitentiary. Motion for a new trial overruled, and appeal in error to this Court.
Upon the motion for a' new trial the affidavits of two of the jurymen, A. D. Jones, and Bird S. Jones, were read. They shew, that' the jury, to settle the term of imprisonment, agreed, that each one should put down the time he thought right, and divide the total, thus produced, by twelve, and be governed by the result, which was six years. Can this be allowed? We think most clearly not. The result is not the deliberate judgment of the jury, produced by argument and reflection, in view of the particular facts of the case before them, but is made to depend upon chance. Any one juror, or a combination of a few of them, by placing the figures very high, or low, would have the power to make the punishment unreasonably severe, or greatly inadequate. The time agreed upon, might not be the deliberate judgment of even a majority — much less, that of the entire jury. The defendant, as well as the State, is entitled to the unbiassed judgment of the whole, as well as every member of the jury, as to the amount of punishment to be inflicted for the crime of which the defendant is convicted. Such questions, are not to be thus trifled with, and the administration of justice tainted with gambling verdicts.- The sworn triers of one *304 accused of crime, should stand free to pass upon the question of the measure of punishment, as well as the guilt of the prisoner, untrammeled by any agreement with his' fellows, imposing an obligation, which it might be thought among them dishonorable to violate, though against his conscience.
We are not aware that this question has ever before arisen in a criminal case, but there has been sev eral decisions upon it, in civil actions, where the amount of damages has been fixed in that way — 2 Meigs’ Dig. 13¡^3. The result of the cases is there correctly stated to be, that “ a jury may agree to add together the amounts which each is willing to find, and divide the same by twelve, or, to add together the highest and the lowest amount, and divide the sum by two, and if the product be satisfactory, return it as their verdict, but they cannot agree before the product is known, to return it, whatever it may be.”
If such be the law in civil cases, where the party is only affected in dollars and cents, surely it should not be less stringent, when the liberty of the citizen is at stake. To hold differently, would be a striking and inexplicable inconsistency. The same rule must apply, and it is fatal to this verdict. B. S. Jones says, in his affidavit, “that before they added together the number of years, and divided the amount, they agreed, that he should be imprisoned for the number, of years the result would make. It does not appear that the result was agreed to afterwards by a vote, or that it was only by way of experiment, and adopted because it was approved and sanctioned, and not because of the previous agreement. This would not *305 have infringed the rule; but it was agreed to beforehand, and of itself, settled the question as to the quantity of punishment. We have not looked into the facts, and only reverse upon the point discussed.